# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 14-40354-MSH |
| KIMBERLY A HAZZARD | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

## ORDER ON MOTION OF CHAPTER 7 TRUSTEE FOR RECONSIDERATION AND OBJECTION TO DEBTOR'S APPLICATION TO HAVE THE CHAPTER 7 FILING FEE WAIVED

28 U.S.C. § 1930(f)(1) provides a two-part test to determine whether a debtor qualifies for a waiver of the filing fee due upon the commencement of a chapter 7 case:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line…applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1). Part one of the test, whether the debtor's average monthly income (including spousal income, whether or not the spouse also files) is less than 150% of the official poverty level for a family the same size as the debtor's family, is quantitative. *In re Stickney*, 370 B.R. 31, 36 (Bankr. D.N.H. 2007). Part two of the test, whether the debtor is able to pay the filing fee in installments, is qualitative. *Id.*

According to Ms. Hazzard's undisputed representations in her motion to waive the fee, her monthly income is well below $3,488.75, which is 150% of the official poverty line established by the government for a family like hers. Thus, Ms. Hazzard has carried her burden as to the first prong of the § 1930(f)(1) waiver test. As to the second prong, the Judicial Conference guidelines

1

make it clear that a debtor "is not disqualified for a waiver of the filing fee solely because the debtor has paid (or promised to pay) a bankruptcy attorney…in connection with the filing." JCUS Guidelines § II.A.5. This clarification is especially relevant where, as here, debtor's counsel discounted his fee from what he normally charges. But Ms. Hazzard's counsel stated at the hearing on the trustee's motion that he is holding in his escrow account sufficient funds to pay the filing fee in full. Under these circumstances I cannot find that the debtor has met her burden on the second prong of the fee waiver test, namely that she is unable to pay the filing fee.

The trustee's motion is ALLOWED. The order granting the debtor's motion to waive the filing fee [# 12] is VACATED and she is ordered to pay the filing fee in full within 14 days of this order.

Dated: May 6, 2014                                By the Court,

                                                  Melvin S. Hoffman
                                                  U.S. Bankruptcy Judge